**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DISTRICT**

| | |
|---|---|
| CHANEL, INC.,<br>a New York corporation,<br><br>            Plaintiff,<br><br>v.<br><br>DOES 1-172 d/b/a the aliases identified on<br>Schedule "A" and DOES 173-500,<br><br>            Defendants. | Case No.<br><br>FILED UNDER SEAL |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Chanel, Inc., ("Chanel") hereby sues Defendants, Does 1-172 d/b/a the aliases identified on Schedule "A" and Does 173-500 (collectively the "Defendants"), and alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a) and (d). Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

2.      Venue is proper in this Court pursuant 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since all Defendants directly target business activities towards consumers in Tennessee and cause harm to Chanel's business within this District through at least the fully interactive Internet websites operating under the Subject Domain Names.

### THE PLAINTIFF

3.      Chanel is a corporation duly organized under the laws of the State of New York

with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality luxury goods under multiple famous common law and Federally registered trademarks including those identified in Paragraph 13 below. Chanel offers for sale and sells its trademarked goods within this Judicial District and conducts all of its ecommerce fulfillment business from a warehouse located in Shelby County, Tennessee. Defendants' sales of counterfeit Chanel branded products are causing damage to Chanel within this Jurisdiction. Chanel regularly enforces its intellectual property rights and authorized that this action be brought in its name.

4.      Like all other famous trademark owners in the field of luxury goods, Chanel suffers ongoing daily and sustained violations of its trademark rights at the hands of criminals such as the Defendants herein, who wrongfully reproduce and counterfeit Chanel's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of the Defendants' actions is the erosion and destruction of the goodwill associated with the Chanel name and associated trademarks.

5.      In order to combat the harm caused by the combined actions of the Defendants and others engaging in similar conduct, each year Chanel expends millions of dollars in connection with trademark enforcement efforts, including legal fees, investigative fees and support mechanisms for law enforcement such as field training guides and seminars. The recent explosion of counterfeiting over the Internet has created an environment which requires Chanel to file a massive number of lawsuits, often it turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to the Chanel brand. The financial burden on Chanel and companies

similarly situated is staggering as is the resulting burden on the Federal court system.

## THE DEFENDANTS

6.      Defendants are individuals and business entities of unknown makeup who likely reside in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems. Defendants conduct business throughout the United States, including within this Judicial District through the operation of the fully interactive commercial websites operating under the Subject Domain Names identified on Schedule "B" hereto. The Defendants also operate blog style websites under some of the Subject Domain Names which also provide support and direct customer traffic to the fully interactive websites operating under the other Subject Domain Names. The Defendants are directly and personally contributing to, inducing and engaging in the sale of counterfeit products as alleged herein, often times as partners, co-conspirators and/or suppliers. Chanel is presently unaware of the true names of Does 1-500, although such Defendants use at least the aliases identified on Schedule "A" and the Subject Domain Names to conduct their businesses. Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

7.      Defendants are the past and present moving and conscious forces behind the operation of the commercial Internet websites operating under the Subject Domain Names.

8.      Upon information and belief, Defendants engage in the offering for sale and sale of counterfeit and infringing Chanel branded products within this Judicial District through multiple fully interactive commercial websites operating under at least the Subject Domain Names. Defendants, upon information and belief, also operate additional websites which promote and offer for sale counterfeit and infringing goods under domain names not yet known to Plaintiff. Defendants have purposefully directed their illegal activities towards consumers in

3

the State of Tennessee through the advertisement, offer to sell, sale and shipment of counterfeit Chanel branded goods into the State.

9.      Upon information and belief, Defendants will continue to register new domain names for the purpose of selling goods bearing counterfeits of Chanel's trademarks unless preliminarily and permanently enjoined.

10.      Defendants' Internet-based website businesses amount to nothing more than massive illegal operations, infringing on the intellectual property rights of Chanel and others.

11.      Defendants have registered, established or purchased and maintained the Subject Domain Names. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Subject Domain Names by providing false and\or misleading information to their various Registrars during the Registration or maintenance process.

12.      Defendants' Subject Domain Names and any other domain names used in connection with the sale of counterfeits bearing Chanel's trademarks are essential components of Defendants' counterfeiting and infringing activities. The Subject Domain Names themselves are the means by which Defendants further their counterfeiting scheme and cause harm to Chanel. Moreover, Defendants are using Chanel's famous name and trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby creating and increasing the value of the Subject Domain Names at Chanel's expense.

## COMMON FACTUAL ALLEGATIONS

13.      Chanel is the owner of all rights in and to the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office:

| Mark | Reg. No. | Reg. Date |
| --- | --- | --- |

4

| | | |
|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 0,955,074 | March 13, 1973 |
| ⚭ | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,571,787 | December 19, 1989 |
| CHANEL | 1,733,051 | November 17, 1992 |
| J12 | 2,559,772 | April 9, 2002 |
| ⚭ | 3,025,934 | December 13, 2005 |
| CHANEL | 3,133,139 | August 22, 2006 |
| ⚭ | 1,734,822 | November 24, 1992 |
| ⚭ | 1,501,898 | August 30, 1988 |
| ⚭ | 1,241,264 | June 7, 1983 |
| CHANEL | 1,241,265 | June 7, 1983 |
| ⚭ | 1,271,876 | March 27, 1984 |
| CHANEL | 0,915,139 | June 15, 1971 |
| CHANEL | 1,510,757 | November 1, 1988 |
| ⚭ | 3,025,936 | December 13, 2005 |
| CHANEL | 3,134,695 | August 29, 2006 |
| ⚭ | 1,654,252 | August 20, 1991 |

which are registered in International Classes 9, 14, 18 and 25, and are used in connection with the manufacture and distribution of, among other things, high quality handbags, wallets, costume

jewelry, watches, shoes, boots and clothing (the "Chanel Marks").

14.     The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality handbags, wallets, costume jewelry, watches, shoes, boots and clothing and other goods for an extended period of time.

15.     The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

16.     The Chanel Marks are symbols of Chanel's quality, reputation and goodwill and have never been abandoned.

17.     Further, Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

18.     Chanel has extensively used, advertised and promoted the Chanel Marks in the United States in association with the sale of high quality handbags, wallets, costume jewelry, watches, shoes, boots and clothing and other goods and has carefully monitored and policed the use of the Chanel Marks.

19.     As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality luxury goods sponsored and approved by Chanel.

20.     Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality handbags, wallets, costume jewelry, watches, shoes, boots and clothing and other goods.

21.     Genuine Chanel branded goods are widely legitimately advertised and promoted by Chanel, its authorized distributors and unrelated third parties via the Internet. Over the course

of the past five to seven years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo! and Bing has become increasingly important to Chanel's overall marketing and consumer education efforts. Thus, Chanel expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Chanel and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Chanel brand and the goods sold thereunder. SEO is a now common marketing process whereby a company or individual designs, supports, structures and phrases Internet website content in order to enhance a website's profile for search engines over a variety of search terms.

22.    Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

23.    Chanel has discovered Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including at least handbags, wallets, shoes, boots, clothing, costume jewelry, and watches bearing trademarks which are exact copies of the Chanel Marks (the "Counterfeit Goods"). Specifically, upon information and belief, Defendants are using the Chanel Marks in the same stylized fashion, for different quality goods.

24.    Defendants' Counterfeit Goods are of a quality substantially different than that of Chanel's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of Defendants' actions will be to result in the

7

confusion of the relevant trade and consumers, both at the time of sale and in a post sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Chanel.

25.    Defendants advertise their Counterfeit Goods for sale to the consuming public. In so advertising these products, Defendants improperly and unlawfully use the Chanel Marks. Indeed, Defendants herein misappropriated Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine products. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

26.    As part of their overall counterfeiting scheme, the Defendants are, upon information and belief, all employing substantially similar, and often times coordinated, SEO strategies based, in large measure, upon an illegal use of counterfeits of the Chanel Marks. Specifically, the Defendants are using counterfeits of Chanel's name and the Chanel Marks in order to make their websites selling illegal goods appear more relevant and attractive to search engines across an array of search terms.  By their actions, the Defendants are causing concurrent and indivisible harm to Chanel and the consuming public by (i) depriving Chanel, its authorized distributors and other third parties of the ability to fairly compete for space within search engine results, (ii) causing an overall degradation of the value of the goodwill associated with the Chanel Marks and (iii) increasing Chanel's overall cost to market its goods and educate consumers about the brand via the Internet.

27.    Upon information and belief, Defendants are concurrently conducting their counterfeiting and infringing activities at least within this Judicial District and elsewhere

throughout the United States.  As a result, Defendants are defrauding Chanel and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Chanel does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

28.     Defendants' use of the Chanel Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

29.     Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel.

30.     Defendants' above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful use of the Chanel Marks is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Chanel and Defendants' Counterfeit Goods.

31.     Chanel has no adequate remedy at law.

32.     Chanel is suffering irreparable and indivisible injury and damages as a result of Defendants' unauthorized and wrongful use of the Chanel Marks. If Defendants' counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

33.     The injuries and damages sustained by Chanel have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

34.    Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

35.    Chanel hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

36.    This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeits of the Chanel Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods.

37.    Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing at least counterfeit and infringing handbags, wallets, costume jewelry, watches, shoes, boots and clothing bearing the Chanel Marks.    Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell at least counterfeit handbags, wallets, costume jewelry, watches, shoes, boots and clothing.

38.    Defendants' concurrent counterfeiting and infringing activities are likely to cause and, upon information and belief, actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

39.    Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

40.    Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act,

15 U.S.C. § 1114.

41.      Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

42.      Chanel hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 41 above.

43.      Defendants' Counterfeit Goods bearing and sold under the Chanel Marks have been widely advertised and distributed throughout the United States.

44.      Defendants' Counterfeit Goods bearing and sold under the Chanel Marks are virtually identical in appearance to each of Chanel's respective genuine goods. However, the Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

45.      Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel.

46.      Specifically, Defendants have authorized an infringing use of the Chanel Marks, in Defendants' advertisement and promotion of their counterfeit and infringing handbags, wallets, costume jewelry, watches, shoes, boots and clothing. Defendants have also

misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

47.       Additionally, Defendants are using counterfeits of the Chanel Marks in order to unfairly compete with Chanel and others for space within search engine organic results, thereby depriving Chanel of a valuable marketing and educational tool which would otherwise be available to Chanel.

48.       Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

49.       Chanel has sustained indivisible injury and damage caused by Defendants' concurrent conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

<u>**COUNT III - CLAIM FOR RELIEF FOR CYBERPIRACY
UNDER §43(d) OF THE LANHAM ACTION (15 U.S.C. §1125(d))**</u>

50.       Chanel hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 49 above.

51.       At all times relevant hereto, Chanel has been and still is the owner of the rights, title and interest in and to the Chanel Marks.

52.       Upon information and belief, Defendants have acted with the bad faith intent to profit from the Chanel Marks and the goodwill associated with the Chanel Marks by registering various domain names which are identical or confusingly similar to or dilutive of the Chanel Marks.

53.       Defendants have no intellectual property rights in or to the Chanel Marks.

54.     Defendants' actions constitute cyberpiracy in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

55.     Defendants' conduct is done with knowledge and constitutes a willful violation of Chanel's rights in the Marks. At a minimum, Defendants' conduct constitutes reckless disregard for and willful blindness to Chanel's rights.

56.     The aforesaid conduct is causing Chanel damages and immediate and irreparable injury. Chanel has no adequate remedy at law.

### COUNT IV - COMMON LAW UNFAIR COMPETITION

57.     The Plaintiff hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 56 above.

58.     This is an action against the Defendants based on their manufacture, promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of Tennessee's common law of unfair competition.

59.     Specifically, the Defendants are promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit handbags, wallets, costume jewelry, watches, shoes, boots and clothing, and other goods.  The Defendants are also using counterfeits of the Chanel Marks to unfairly compete with Chanel and others for space in search engine results across an array of search terms.

60.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' product by their use of the Chanel Marks.

61.     The Plaintiffs have no adequate remedy at law and are suffering damages and

irreparable injury as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

62.     WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief against Defendants as follows:

a.     Entry of preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, or in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, handbags, wallets, costume jewelry, watches, shoes, boots and clothing, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; from engaging in search engine optimization strategies

using colorable imitations of the Chanel name or Marks; and from otherwise unfairly competing with Chanel.

b.      Entry of an Order that, upon Chanel's request, those in privity with Defendants, and those with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars and domain-name registries that are provided with notice of the injunction, cease facilitating access to any or all websites through which Defendants engage in the sale of counterfeit and infringing goods using the Chanel Marks.

c.      Entry of an Order that, upon Chanel's request, the top level domain (TLD) Registries for the Subject Domain Names place the Subject Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registries which link the Subject Domain Name to the IP address where the associated website is hosted.

d.      Entry of an order canceling or, at Chanel's election, transferring the Subject Domain Names and any other domain names used by the Defendants to engage in their counterfeiting of the Chanel Marks at issue to Chanel's control so they may no longer be used for illegal purposes.

e.      Entry of an order that, upon Chanel's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain Registries responsible for the Subject Domain Names transfer and/or disable the Subject Domain Names as directed by the Court.

f.      Entry of an award of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

g.      Entry of further relief as the Court may deem just and proper.

DATED this the 20th day of September, 2010.

Respectfully submitted,

By:    /s/ Charles F. Morrow
      Charles F. Morrow (TN Bar #013890)
      Butler, Snow, O'Mara, Stevens
      & Cannada, PLLC
      Crescent Center, Suite 500
      6075 Polar Avenue
      Memphis, Tennessee 38119
      Telephone: (901) 680-7200
      Facsimile:  (901) 680-7201
      Email: chip.morrow@butlersnow.com

      Attorneys for Plaintiff CHANEL, INC.

16

## SCHEDULE A
## DEFENDANT DOES 1-172 ALIASES

???
Adam Wong
Airjordanforsale
Alotshoes Alotshoes
Andrei Grishechkin
Anuo
Asd Asd
Azhong Chen
Bai Fiefie
Barbara Palmer
Cai Lingling
Changwen Tu
Chen Chen
Chen Hai
Chen Yang
Chenhaibin
Chenshaofa
Chenzhixin
Chlsale Inc.
Christian Louboutin
Cin Yu
Dan Liu
Dawi Chan
Dearpurses
Digirock, Inc.
Domains By Proxy, Inc.
Dongdong Zhao
Edgar Torres
Eishe Eishe
Endeavor I.E.
Eshishang
Fang Tao
Fangchen
Feng Feng
Gao Fei
Gao Ting
Gaomeng
Gdasgf
Ghjkl
Guangguang Xu
Guangzhou Boyee Information Technology Co.,
Guo Yanya
Haiao Network

Han Guang
Huang Jianying
Huangyang Guo
Huizhen Lin
Huyitian
Hyb
Irene Pan
James Donald
Jeremy Tirolle
Jia Liu
Jian Lin
Jiancheng Lin
Jiang Zhihua
Jianhaokan
Jianming
Jianqing Chen
Jinxian Zhang
Jun Jie
Kevin Lee
Koji
Ksaler.Com
Lewis
Li Hang
Li Kaitai
Li Ping Xu
Li Xiao
Lijinda
Lijun
Lila Banafshe
Lin Zhi Ping
Linhaoran
Liu Hao
Liu Jun
Liu Ming
Liu Xiu Gao
Liu Yunfei
Liujinfa
Liumaying
Liyanghua
Luo Yang
Marco Gonzales
Merry Liny
Ming Zhao
Ni Lu Yang
Onepound
Panbenhai

Peng Cheng
Privacyprotect.Org
Protected Domain Services
Pryor Bill
Qiang Teng
Ren Xue
Ru Hua
Samdy Chen
Sean Mcneill
Sebastian
Shang Yanghui
Shi Juan Yao
Shiping Fang
Sihua Maoyi Co., Ltd
Simon Chen
Steven Wangkk
Su Qimei
Su Xin
Suen Wei
Tanjuanjuan
Tony Cf
U-Replica-Watches
Us880
Value Domain
Wang Hua
Wang Shihuang
Wang Xiaoqiang
Wangjiangchuan
Wangxiqin
Webhost Ltd
Wei Xiao
Wen Dapao
Weng Huangteng
Wenjin Li
Whoisguard
Whoisprotection.Cc
Wholesale-Here Inc
William King
Wu Xin
Wu Yuansheng
Wuji
Wuxiaoying
Xiang Long Commerce Company
Xiaoli Chen
Xiaosuona
Xie Jiayi

Xie Li
Xie Yuhong
Xieling
Xu Defu
Xu Qing
Yangxueli
Youmeihui
Yunfei Liu
Zhang Bin
Zhang Chuhong
Zhang Jie
Zhang San
Zhangyong
Zhao Kuang Yin
Zhej China
Zheng Liqun
Zhonshuntao
Zhu Jun Wen
Zihan Meng
北京春秋建礼品店

## SCHEDULE B

## SUBJECT DOMAIN NAMES

21centurybags.com

4bag4.com

8afashion.com

airjordanforsale.com

allbagshop.com

allofbags.com

allofchanel.com

alotshoes.org

an-christianlouboutin.com

bagaol.com

bagfrance.com

bagsboard.org

bagscabin.com

bagsfrance.com

bagsfrench.com

bagshobby.com

bagsop.com

bagsship.org

bagsshow.com

bestaring.com

brandjewelrysale.com

brands-center.com

buybagshere.com

buychaneljewelryonline.com

buycocochanel.com

17

buy-designer-boots.com

calbrena.com

cartierreplicawatches.net

centermalls.com

chanelashop.com

chanelbagmall.com

chanelbagoutlet.com

chanelbags2.com

chanelbags2010.com

chanelbagsoutlet.com

chanelcocoonsale.com

chanelebag.com

chanelemall.com

chanelfan.com

chanelhandbagstore.com

chaneljewelry.org

chaneljewelryonsale.com

chanel-online-shop.com

chanel-outlets-store.com

chanel-outlet-store.com

chaneloutletstore.net

chaneloutletstores.com

chanelsonline.com

chanel-sunglass-lover.com

cheapbagstore.com

cheap-chanel.com

cheapchanelbags.us

cheap-chanel-shopping.com

cheapchanelwatches.com

cheapclarksshoes.com

cheapretrojordan.com

chinacheapbags.com

chinawholesalesunglasses.com

chlsale.com

christianlouboutinsaleuk.net

christian-louboutin-shoes.org

coachhandbagss.com

cocobags.com

cocoschanel.com

csscoosite.com

designer2shoes.com

designer-handbag-replica.com

discounts-christianlouboutin.com

eby-store.com

ec23.com

enreplicas.net

eshishang.com

eshoesworld.com

eurluxury.com

evoguemall.com

famousbrandshop.com

fashionjewelrysale.com

fendsell.com

freplicahandbags.com

frreplicahandbags.com

getchinabest.com

global-bag.com

go-handbags.com

guccionlineoutlet.net

guccisoutlet.com

handbagair.net

handbagsangel.com

ikeepall.com

iluxuryonline.com

inikesneakers.com

ksaler.com

ladyhandbagssale.com

largejewelrysite.com

lirenhandbags.com

livedealmall.net

louisvuittonbagmall.com

louis-vuitton-outlet.net

lovechanelhandbags.com

lovesmall.com

luckywholesaler.com

luxury-handbags-lady.com

luxuryowner.net

mainbags.org

meetbags.com

mirrorwatch.com

mmebay.com

mybagsroom.net

mylike123.com

my-luxuryhandbags.com

myphonecard.cn

myretrokicks.com

mysubmariner.com

namebrandsfashions.com

nikespaces.com

obhandbags.com

okeyxixi.com

patty-schnyder.com

pick-designer-shoes.com

prevalentbags.com

pursefocus.com

purse-mall.com

replica4sgs.com

replicabags4u.com

replicabagscenter.com

replicabagscn.com

replicachanels.com

replicacn.net

replicaexpert.us

replicahandbags963.com

replicahandbagss.com

replicainchina.com

replicaonlinebags.com

replica-product.com

replicaslouisvuitton.net

replicatiffanys.net

replicawatches5.com

replicawatcheshk.com

salebesthandbags.com

sale-sunglasses.net

sandalsbay.com

sf46.com

shehandbag.net

shoeinshoes.com

shoes2toryburch.com

shoesbagsbags.com

silverdesignerjewelry.com

silverjewelrylife.com

sogokey.com

sunglassesfield.com

sunglassesoo.com

sunglassesviponsale.com

sunglasssky.com

tiffanyreplicas.net

tiffanysjewelry.net

top1handbag.com

topareplicas.com

topchanelbagsonsale.com

tophotwatches.com

topursestore.com

u-replica-watches.com

us-chaneloutlet.com

us-sunglassesale1.com

vipsneaker.com

wantlouboutinshoes.com

watcheslux.com

watchsever.com

wholesale567.com

wholesale-here.com

wholesale-hub.com

wholesale-mall.com

wholesaler-handbag.com

women2shoes.com

Jackson 5599980v1